**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VERITIV LANDSBERG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 4:25-CV-01297 |
| | § | |
| v. | § | |
| | § | |
| LAWRENCE ZAITER AND ERNEST | § | |
| PACKAGING, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**PLAINTIFF VERITIV LANDSBERG'S NOTICE OF SUPPLEMENTAL EVIDENCE**
**IN SUPPORT ITS OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Veritiv Landsberg ("Veritiv") submits the following Notice of Supplemental Evidence in Support of its Motion for Preliminary Injunction. Specifically, this notice provides the Court with new evidence discovered since the February 6, 2026 Preliminary Injunction hearing that further confirms that Veritiv is suffering – and will continue to suffer – irreparable harm in the absence of the immediate entry of a Preliminary Injunction.

1.      At the February 6th hearing on Veritiv's Motion for Preliminary Injunction and in Veritiv's briefing in support of its Motion for Preliminary Injunction (Dkt. 7, 23, 24, and 57), Veritiv presented evidence that Defendant Lawrence Zaiter ("Zaiter") – among other things – violated the employee non-solicitation covenant of his Veritiv restrictive covenant agreement (the "Agreement") and used Defendant Ernest Packaging ("Ernest") as a strawman to do so. Indeed, Ernest's actions amount to tortious interference with Zaiter's Agreement.

2.      Given the current posture of the case without their activities enjoined, Zaiter and Ernest are continuing to implement their long-standing grand plan to unlawfully usurp Veritiv's cold chain business using Veritiv employees.

326283105v.4

3.      Since the hearing, new evidence has just surfaced revealing that Zaiter is in fact continuing to actively flaunt his employee non-solicitation covenant with impunity and Ernest's knowledge and full support.

4.      At the hearing, Veritiv submitted an exhibit demonstrating that Zaiter prepared a list of Veritiv employees he wished to hire at Ernest, several of whom were or are current Veritiv employees, in direct contravention of his employee non-solicitation covenant:

| | |
|---|---|
| **Date:** | Fri, 12 Dec 2025 2:31:44 PM (UTC) |
| **Sent:** | Fri, 12 Dec 2025 2:31:43 PM (UTC) |
| **Subject:** | Desired Cold Chain Staff |
| **From:** | Larry Zaiter <lzaiter@ernestpkg.com> |
| **To:** | David Graney <dgraney@ernestpkg.com>; |

Larry French - Director, R&D - Done
Jaymie Romero - Program Manager
Mike Thomas - Cold Chain Specialist
Chris Rocas - Sales
Jesus Munoz - Designer

The hires should occur in this order. Jaymie understands the hierarchy well in SAP and would be a great help in setting this up.  Ideally, we bring her in after the holidays so that we can fix what we currently have before we start adding new products to the mix.

Mike would be Q2-3 timeframe, which would give us time to develop the products I want Larry to focus on after the holidays.

Chris is not a sure thing, but he can sell cold chain like no other.  Once we get our solutions and infrastructure in place, he would be a great addition to the team.  Q3-4 estimate.

Jesus is not critical, but he really understands cold chain, which is helpful to designing complex designs such as the pallet shipper.  We might get by with someone in design at Ernest.

Thanks!

(*See* Email, Plaintiff's Preliminary Injunction Hearing Exhibit No. 76, attached as **Exhibit A**.)

5.      Additionally, during his deposition prior to the hearing, Zaiter testified that his superior at Ernest, David Graney ("Graney"), asked Zaiter to prepare the list of potential hires, which he did, and that Graney then contacted Mike Thomas ("Thomas"), one of the employees on the list. (Deposition of Lawrence Zaiter 107:4-110:15, attached as **Exhibit B**) (Q: Do you know if anyone at Ernest reached out to any of these individuals that you listed? A: I do. Q: Okay. Tell me about that. A: My understanding is Mr. Graney had – had contacted Mike Thomas

326283105v.4

. . .  Q: Do you believe that it's a violation of your employee non-solicitation provision with Veritiv to provide these names and suggested hires to Ernest? A: Again, it was intended as a wish list, but I don't know. I'm being instructed by my superiors to put my list together.).[1]

6.      Further, the list of Veritiv employees appears in Ernest's cold chain business plan. (Deposition of David Graney 87:9-89:1, attached as **Exhibit C**).

7.       Thomas, a Veritiv Test Lab Manager, is one of the employees on the list, whom Zaiter specifically recommended that Ernest hire in the 2026 "Q2-3 timeframe." (*See* Ex. A).

8.      As night follows day, Zaiter and Ernest's plan continues to unfold in lockstep with Zaiter's recommendations – on June 1, 2026, right in the middle of the 2026 Q2-3 timeframe Zaiter specified, Thomas suddenly resigned from Veritiv and joined Ernest. (Declaration of Frank Butch, attached as **Exhibit D**).

9.      Thomas' departure for Ernest, which was not issued until after the February 6th Preliminary Injunction hearing, reinforces the incontestable facts that Veritiv continues to suffer irreparable harm without the protection of urgently-needed injunctive relief. *See Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 841 (W.D. Tex. 2015) (granting preliminary injunction where, in part, former employer provided evidence that former employee and his new employer "may be assembling a team comprised of certain [former employer's] employees.").

10.     Without a preliminary injunction, Zaiter and Ernest will continue to hire Veritiv employees in violation of the law and despite the contractual prohibition in the Agreement.

11.     For all the reasons described in Veritiv's briefing requesting a preliminary injunction (Dkt. 7, 23, 24, and 57), at the preliminary injunction hearing, and herein, the Court

---

[1]      There is also testimony regarding this issue from the February 6th preliminary injunction hearing. Because the transcript is sealed, Veritiv does not quote from or attach the testimony here. (*See* February 6th preliminary injunction hearing transcript at pp. 141-142, 211, 249-251).

should grant Veritiv's request for preliminary injunction to prevent the ongoing irreparable harm Veritiv faces. *See Janvey v. Alguire*, No.  3:09-CV-724-N, 2010 WL 11619267, at *3 (N.D. Tex. June 10, 2010) (issuing preliminary injunction and holding, "The Court holds that it has the power to preserve the status quo pending a decision on the motions to compel arbitration.").[2]

WHEREFORE, Veritiv respectfully requests that the Court accept this Notice of Supplemental Evidence and enter a Preliminary Injunction as soon as practicable to save Veritiv from further irreparable harm.

Dated:  June 4, 2026                                          Respectfully submitted,

**SEYFARTH SHAW LLP**

By:  */s/ Eric F. Barton*
     Lukas Moffett
     Texas Bar No. 24116777
     **SEYFARTH SHAW LLP**
     2323 Ross Ave., Suite 1660
     Dallas, Texas 75201
     Telephone: (469) 608-6700
     Telecopier: (713) 225-2340
     lmoffett@seyfarth.com

     Attorneys for Plaintiff
     VERITIV LANDSBERG

---

[2]     As detailed in Veritiv's responses to Defendants' motions to compel arbitration (Dkt. 83, 90), the motions are due to be denied. Even if the motions were granted, however, the Court may still grant injunctive relief. *See N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-00062, 2017 WL 2402579 (E.D. Tex. June 2, 2017) ("The Court agrees with the majority of circuits that a district court has discretion to grant injunctive relief to preserve the status quo pending arbitration.").

326283105v.4

Robert C. Stevens
Georgia Bar No. 24072044
Eric F. Barton (pro hac vice)
Georgia Bar No. 040704
Katherine G. Poirot (pro hac vice)
Georgia Bar No. 886399
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA  30309-3958
(404) 885-1500
bstevens@seyfarth.com
ebarton@seyfarth.com
kgpoirot@seyfarth.com

Dennis D. Murrell (KY-84017)
Admitted Pro Hac
Gray Ice Higdon, PLLC
3939 Shelbyville Road, Suite 201
Louisville, KY  40207
(502) 625-2717
dmurrell@grayice.com

Attorneys for Plaintiff
VERITIV LANDSBERG

-5-

326283105v.4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically through the Electronic Case Filing System to the registered participants as identified on the Notice of Electronic Filing on this 4th day of June 2026.

*/s/ Eric F. Barton*

Eric F. Barton
Counsel for Plaintiff

326283105v.4