IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VERITIV LANDSBERG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-01297 |
| | § | |
| LAWRENCE ZAITER and | § | |
| ERNEST PACKAGING, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT ERNEST PACKAGING'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND JOINDER IN DEFENDANT LAWRENCE ZAITER'S MOTION TO COMPEL ARBITRATION**

Defendant Ernest Packaging ("Ernest") files this Supplemental Reply in Support of its Motion to Compel Arbitration and Stay Proceedings (ECF No. 82, the "Motion").[1]

After Ernest filed its Reply in support of the Motion (ECF No. 92, the "Reply"), a California court granted a motion to compel arbitration filed by Plaintiff Veritiv Landsberg ("Veritiv") based on the same form arbitration agreement at issue in the Motion. Minute Order at 1, *Lemus v. Landsberg Orora*, No. CIVSB2410998 (Cal. Super. Ct. Apr. 8, 2026) (the "Minute Order," attached as Exhibit C);[2] *see also* Reply at 2; ECF No. 71 at APP 004-07; ECF No. 92-2 at 10-13. The California court's action judicially estops Veritiv from taking inconsistent positions as to the validity and enforceability of identical arbitration agreements.

Judicial estoppel is an equitable common law doctrine "that prevents a party from assuming inconsistent positions in litigation." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) (internal citation omitted). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts

---

[1] Capitalized terms not defined herein have the meaning assigned to them by the Motion.

[2] Ernest requests that the Court take judicial notice of the proceedings in *Lemus v. Landsberg Orora*, No. CIVSB2410998 in the Superior Court of California, including Reply Exhibit A (ECF No. 92-1), Reply Exhibit B (ECF No. 92-2), and the Minute Order. FED. R. EVID. 201.

**DEFENDANT ERNEST PACKAGING'S SUPPLEMENTAL**
**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**                                **Page 1**

to suit the exigencies of self interest." *Id.* (internal citation omitted). Judicial estoppel applies when: (1) a party's position is clearly inconsistent with one it previously took in judicial proceedings; (2) a court accepted the previous inconsistent position; and (3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if the later inconsistent position is accepted. *Id*. at 385–86. Each element is satisfied here.

Under the judicial estoppel framework, judicial acceptance "does not require a formal judgment; rather, it only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Allen v. C & H Distrib., L.L.C.*, 813 F.3d 566, 573 (5th Cir. 2015) (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)). In granting Veritiv's motion to compel arbitration, the California court accepted Veritiv's position that the arbitration agreement form is valid and enforceable. *See* Ex. C, Minute Order at 1.

Judicial estoppel is appropriate to prevent inconsistent positions regarding the validity and enforceability of an arbitration agreement. *Abernathy v. Becon Constr. Co., Inc*., No. 1:14-CV-00466, 2016 WL 11384340, at *5 (E.D. Tex. June 22, 2016), *R.&R. adopted*, 2016 WL 4399922 (E.D. Tex. Aug. 18, 2016) (holding party's position in prior proceeding that arbitration agreement was "valid and enforceable" and new position that agreement was illusory and invalid "[we]re clearly inconsistent positions"). Veritiv has adopted the same inconsistent positions at issue in *Abernathy*. Veritiv's "flip-flopping" ultimately harms Zaiter and other employees, who cannot be certain whether they will be able to enforce the arbitration agreement that Veritiv required them to sign as a condition of their employment. That warrants judicial estoppel.

Veritiv "deliberately chang[ed] positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). Judicial estoppel is necessary to reduce the "risk of inconsistent court determinations" and ensure judicial integrity. *Id*. at 750.

Based on the forgoing, Ernest respectfully requests that the Court grant the Motion and grant it any further relief to which it may be entitled.

Dated: June 16, 2026                    Respectfully submitted,

                                        /s/ Julia M. Peebles
                                        Julia M. Peebles – *Lead Attorney*
                                            State Bar No. 24096131
                                            julia.peebles@haynesboone.com
                                        J. Wilson Miller II
                                            State Bar No. 24125326
                                            wilson.miller@haynesboone.com
                                        HAYNES AND BOONE, LLP
                                        2801 N. Harwood Street, Suite 2300
                                        Dallas, Texas 75201
                                        Telephone:    214-651-5000
                                        Telecopier:    214-651-5940

                                        Matthew E. Costello
                                            California Bar No. 295062
                                            *Pro hac vice*
                                            matthew.costello@haynesboone.com
                                        HAYNES AND BOONE, LLP
                                        600 Anton Blvd., Ste. 700
                                        Costa Mesa, California 92626
                                        Telephone:    949-202-3040
                                        Telecopier:    949-202-3140

                                        Stephen B. Rotter
                                            Colorado Bar No. 37307
                                            *Pro hac vice*
                                            stephen@theworkplacecounsel.com
                                        The Workplace Counsel
                                        1401 Lawrence Street, Ste. 1600
                                        Denver, Colorado 80202
                                        Telephone: 303-521-0909

                                        **ATTORNEYS FOR
                                        DEFENDANT ERNEST PACKAGING**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June 16, 2026, in conjunction with a motion for leave to file.

*/s/ J. Wilson Miller II*
J. Wilson Miller II