# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

VERITIV LANDSBERG,

        *Plaintiff,*

    v.

LAWRENCE ZAITER AND ERNEST PACKAGING,

        *Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 4:25-CV-01297

## PLAINTIFF VERITIV LANDSBERG'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

Defendants' Motion to Strike is not a serious procedural objection. Instead, the Motion is a transparent attempt at keeping highly probative and unflattering evidence out of the record before the Court rules on Veritiv's pending Motion for Preliminary Injunction. Tellingly, Defendants do not, and cannot, dispute the substance of the supplemental evidence: that Mike Thomas, the very Veritiv employee Zaiter specifically targeted for hire in the "Q2-3 timeframe" of 2026 did, in fact, resign from Veritiv and joined Ernest on June 1, 2026, squarely within that window. (Dkt. 102 at ¶¶ 4, 7-8.) This is precisely the type of post-hearing development the Court should know about before issuing injunctive relief designed to halt ongoing irreparable harm. The Court should accept the Notice and grant Veritiv's Motion for Preliminary Injunction.

First, the Notice is proper and timely. Veritiv did not, as Defendants suggest, attempt to reopen the evidentiary record on a whim. The Court has not yet ruled on the pending Motion for Preliminary Injunction, and Veritiv has a right to apprise the Court of material new facts bearing directly on the ongoing irreparable harm Veritiv is suffering. Mike Thomas' June 1, 2026 resignation and immediate move to Ernest did not, and could not exist in the record as of the

February 6, 2026 hearing. It happened nearly four months later. Veritiv promptly brought it to the Court's attention three days after it occurred.

Second, Defendants' Local Rules arguments are specious.[1] While Defendants attempt to strike the Notice on a technicality (since they cannot deny its substance), they are nevertheless wrong on even the alleged technicality. Simply put, Local Rules CV-7(b) and CV-7(f) are inapplicable. Veritiv filed a <u>notice</u>, ***not*** a motion, and ***not*** a reply, as those rules respectively contemplate. Further, Defendants' suggestion that Veritiv was somehow required to file a freestanding second motion for injunctive relief, or a summary judgment motion, elevates form over substance and would only multiply proceedings the Court has already invested substantial resources in resolving.[2]

Third, Defendants' attacks on Veritiv's exhibits to the Notice fare no better. As Defendants acknowledge, Exhibit A, the "Desired Cold Chain Staff" e-mail is already in the record. Including it in the Notice is a convenience to the Court, not a procedural foul. Regarding Exhibits B and C, excerpts from the depositions of Lawrence Zaiter and David Graney, Defendants' Rule 32 objection is misplaced at the preliminary injunction stage where evidentiary standards are relaxed, especially considering the depositions were taken as part of the expedited

---

[1] The case cited by Defendants for the proposition that the notice should be struck is distinguishable. There, the Fifth Circuit found that district court did not abuse its discretion in striking a motion where movant did not provide notice of their motion until after the deadline to do so passed and where movant had "prosecuted this lawsuit with an energy which surpassed zeal and a singleness of mind and purpose which traversed the bounds of Fed.R.Civ.P. 11." *Victor F., by Gene F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 636 (5th Cir. 1986). Here, Veritiv has certainly not engaged in conduct traversing the bounds of Rule 11 and moreover, *no motion was filed*. Veritiv merely filed a **notice**.

[2] Again, the case Defendants cite is inapposite. There, after the movant's motion for preliminary injunction had already been denied, the movant filed a motion for rehearing and reconsideration based on discovery it had not waited to receive, despite the fact that the movant decided to move forward with the preliminary injunction without it. *M-I, L.L.C. v. Stelly*, No. H-09-CV-01552, 2009 WL 7797235, at *1 (S.D. Tex. Sept. 2, 2009). Here, the motion for preliminary injunction is pending and the facts laid out in the notice did not exist at the time of the hearing.

326586559v.1

discovery process in advance of the preliminary injunction hearing.[3] Finally, Exhibit D could not have been submitted at the hearing. It memorializes an event that occurred on June 1, 2026 — nearly four months *after* the preliminary injunction hearing.

Defendants seek a procedural shield against the predictable consequences of their own conduct. Having pre-identified specific Veritiv employees to poach, in what order, and on what timeline, and having then executed on that plan in lockstep, Defendants now ask the Court to disregard the execution because it occurred after a hearing date. The law does not reward that kind of gamesmanship. Therefore, Veritiv respectfully requests that the Court deny Defendants' Motion to Strike (Dkt. 104), accept the Notice of Supplemental Evidence (Dkt. 102), and enter a Preliminary Injunction as soon as practicable to prevent further irreparable harm to Veritiv.

Dated:  June 25, 2026

Respectfully submitted,

**SEYFARTH SHAW LLP**

By:   */s/ Eric F. Barton*
Lukas Moffett
Texas Bar No. 24116777
**SEYFARTH SHAW LLP**
2323 Ross Ave., Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6700
Telecopier: (713) 225-2340
lmoffett@seyfarth.com

Attorneys for Plaintiff
VERITIV LANDSBERG

---

[3] Notably, Zaiter is a party-defendant. And Defendants' suggestion that Veritiv "confirmed it was not tendering individual deposition testimony of David Graney at the hearing" misreads the record. At the hearing, Graney appeared live and testified in person, so there was no need to tender his deposition because Veritiv had the witness on the stand. It was not a waiver of Veritiv's ability to rely on Graney's deposition testimony to contextualize post-hearing developments that did not yet exist.

326586559v.1

Robert C. Stevens
Georgia Bar No. 24072044
Eric F. Barton (pro hac vice)
Georgia Bar No. 040704
Katherine G. Poirot (pro hac vice)
Georgia Bar No. 886399
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA  30309-3958
(404) 885-1500
bstevens@seyfarth.com
ebarton@seyfarth.com
kgpoirot@seyfarth.com

Dennis D. Murrell (KY-84017)
Admitted Pro Hac
Gray Ice Higdon, PLLC
3939 Shelbyville Road, Suite 201
Louisville, KY  40207
(502) 625-2717
dmurrell@grayice.com

Attorneys for Plaintiff
VERITIV LANDSBERG

-4-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served electronically through the Electronic Case Filing System to the registered participants as identified on the Notice of Electronic Filing on this 25th day of June 2026.

/s/ Eric F. Barton
Eric F. Barton
Counsel for Plaintiff

-5-

326586559v.1