IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VERITIV LANDSBERG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-01297 |
| | § | |
| LAWRENCE ZAITER and | § | |
| ERNEST PACKAGING, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT ERNEST PACKAGING'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS AND JOINDER IN
<u>DEFENDANT LAWRENCE ZAITER'S MOTION TO COMPEL ARBITRATION</u>**

The Response in opposition to Ernest's Motion for Leave (the "Response" or "Resp." ECF

No. 108)[1] lacks merit and reflects Veritiv's continued gamesmanship in this case. The Court should

grant Ernest leave to file a short supplemental brief regarding a new factual development in the

*Lemus* case in California.

First, the Response exposes yet another inconsistent position held by Veritiv: that Veritiv

should be free to supplement a closed motion *without leave of Court* while Ernest should be barred

from supplementing a closed motion *despite seeking leave of Court*. *Compare* Resp. at 1 ("Briefing

on Defendants' motions to compel arbitration closed months ago . . . . Unwilling to accept that

reality, on June 15, 2026, Defendant [Ernest] sought leave to file a Supplemental Reply.") *with*

Veritiv's Resp. in Opp'n to Defs.' Mot. to Strike Pl.'s Notice of Suppl. Evid. in Supp. of its Mot.

for Prelim. Inj. (ECF No. 107) at 1-2 ("The Court has not yet ruled on the pending Motion for

Preliminary Injunction, and Veritiv has a right to apprise the Court of material new facts."). Veritiv

offers no principled basis for this double standard. Veritiv's attempt to characterize

---

[1] Capitalized terms not defined herein have the meaning assigned to them by the Motion for Leave, ECF No. 105.

supplementation as proper when it benefits Veritiv but improper when proposed by Ernest is not a legal distinction; it is a litigation position untethered to any coherent rule.

Second, the Response assumes Ernest deliberately violated the Local Rules. But the facts show the opposite. Ernest followed instructions from the Clerk of this Court, and Veritiv's accusation could have been avoided with even minimal diligence. A simple phone call or email to Ernest's counsel—or merely reading the certificate of service accompanying the refiled proposed supplemental briefing—would have revealed what occurred. ECF No. 106 at 4 ("served . . . in conjunction with a motion for leave to file."). Like Veritiv,[2] Ernest initially understood Local Rule CV-7(k)'s separate filing requirement to mean that documents requiring leave should be separated from and filed as attachments to the Motion for Leave. On June 16, 2026, the Clerk corrected that understanding and directed Ernest to refile ECF Nos. 105-1 and 105-2. *See* Email from Becca Ferrill, attached as Ex. A. Rather than seek clarification, Veritiv rushed to accuse Ernest of misconduct based on a mistaken assumption. Unfortunately, this is not the first time Veritiv has failed to adequately confer.[3] Instead of addressing the merits, the Response is premised on a factual error and unsupported accusations. The Court should give those accusations no weight.

## CONCLUSION

For all of its missteps, the Response fails to explain why the Motion for Leave should not be granted. Ernest has good cause to introduce discrete, relevant information about a new decision in the *Lemus* case, which became available after briefing on the Motion to Compel Arbitration closed. Ernest properly sought leave of Court. The Motion for Leave should be granted.

---

[2] Veritiv's shared understanding is apparent from its Response. *See* Resp. at 1-2.

[3] *See* Resp. at 1-2; Defs.' Mot. to Strike Pl.'s Notice of Suppl. Evid. in Supp. of its Mot. for Prelim. Inj. (ECF No. 104) at 2 ("Veritiv nonetheless filed the Notice without . . . conferring with counsel for either of the Defendants"); Ernest's Resp. in Opp'n to Pl.'s Mot. for TRO (ECF No. 13) at 3-4 (noting misrepresentations and deficiencies in Veritiv's certificate of conference).

**DEFENDANT ERNEST PACKAGING'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE SUPPLEMENTAL REPLY IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND JOINDER
IN DEFENDANT LAWRENCE ZAITER'S MOTION TO COMPEL ARBITRATION**          **Page 2**

Dated: July 2, 2026

Respectfully submitted,

*/s/ Julia M. Peebles*

Julia M. Peebles – *Lead Attorney*
  State Bar No. 24096131
  julia.peebles@haynesboone.com
J. Wilson Miller II
  State Bar No. 24125326
  wilson.miller@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone:    214-651-5000
Telecopier:    214-651-5940

Matthew E. Costello
  California Bar No. 295062
  *Pro hac vice*
  matthew.costello@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Blvd., Ste. 700
Costa Mesa, California 92626
Telephone:    949-202-3040
Telecopier:    949-202-3140

Stephen B. Rotter
  Colorado Bar No. 37307
  *Pro hac vice*
  stephen@theworkplacecounsel.com
The Workplace Counsel
1401 Lawrence Street, Ste. 1600
Denver, Colorado 80202
Telephone: 303-521-0909

**ATTORNEYS FOR
DEFENDANT ERNEST PACKAGING**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on July 2, 2026.

*/s/ J. Wilson Miller II*

J. Wilson Miller II